# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN BERNDSEN and LESLIE BERNDSEN,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ABLE PROFESSIONAL MOVERS, INC., A Nebraska Corporation,<br><br>　　　　Defendant,<br><br>　and<br><br>UNIRISC, INC.,<br><br>　　　　Defendant and<br>　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>GRAEBEL VAN LINES,<br><br>　　　　Third-Party Defendant. | 8:05CV471<br><br>REPORT AND RECOMMENDATION |

　　　This matter is before the magistrate judge for full pretrial supervision. On October 6, 2005, the Third-Party Defendant ("Graebel") filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, alleging

- that this court has original jurisdiction (federal question) over the action pursuant to § 1331 and 49 U.S.C. § 14706(d), as the third-party claims arise out of the laws of the United States;

- that this court has jurisdiction over the action filed by Berndsens against Able Professional Movers and UNIRISC under §§ 1331 and 1441(b); and

- that this court has jurisdiction over the third-party action and over Berndsens' claims against Able and UNIRISC pursuant to § 1441(c).

Graebel explains that Berndsens are seeking damages in excess of the jurisdictional amount, *see* 28 U.S.C. § 1337(a), for loss and/or damage to their household goods transmitted in interstate commerce from Omaha, Nebraska to Massachusetts. Berndsens' Amended Complaint was filed in state court on September 21, 2004. In its third-party complaint served on Graebel on or about September 6, 2005, the defendant/third-party plaintiff, UNIRISC, seeks to be subrogated to the rights of the Berndsens for purposes of its recovery against third-party defendant Graebel.

28 U.S.C. § 1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Commentators have identified three aspects of the issue of whether a third-party defendant has the right to remove an action from a state to a federal court:

> (1) "is a third-party defendant a defendant within the meaning of § 1441"; (2) "is the application of § 1441(c) limited to claims joined by the plaintiff"; and (3) "is a third-party claim sufficiently unrelated to the main claim to be a separate and independent cause of action."

Walter W. Jones, Jr., Annotation, *Right of Third-party Defendant to Removal of Action from State to Federal Court under 28 U.S.C.A. § 1441*, 8 A.L.R. FED. 708, § 2 (quoting 1A MOORE'S, FEDERAL PRACTICE ¶ 0.167[10] (2d ed.). "Although there is general agreement among courts that § 1441 is to be given a narrow construction in favor of limiting the removal rights of third-party defendants, there is a lack of accord as to whether this policy removes completely third-party defendants' rights to remove." *Id.*

It does not appear that Eighth Circuit precedent allows a third-party defendant to remove a case to federal court under the circumstances presented in this case. In *Duckson, Carlson, Bassinger, LLC v. The Lake Bank, N.A.*, 139 F. Supp. 2d 1117 (D. Minn. 2001), the court considered the issue of whether a third-party defendant had the right to remove a case to federal court:

> The courts are split on whether "defendants," in the context of § 1441(a), means only defendants joined in the original complaint. *See Schmidt v. Association of Apartment Owners of Marco Polo Condo.*, 780 F. Supp. 699, 702 (D. Haw. 1991) (collecting cases). The majority view is that the determination of who is a defendant is made with reference to the original complaint, not subsequent complaints. *Id.*
>
> The few courts which allow removal by third-party defendants allow it only if the removal is based on a cause of action in the third-party complaint that is "separate and independent" from the other claims in the case pursuant to § 1441(c). *See, e.g., Carl Heck Engineers v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980) (holding third-party defendants sued under a separate and independent claim can remove). *But see Lewis v. Windsor Door*

*Co.*, 926 F.2d 729, 733 (8th Cir. 1991) (holding that in almost all third-party cases, the third-party defendant may not remove under § 1441(c)). The Eighth Circuit Court of Appeals has held that the "remote, ancillary possibility of a third-party claim not yet matured" cannot constitute a basis for removal of a third-party claim "which is not separate and independent of the plaintiff's claim." *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991) (adopting the Seventh Circuit's analysis that a third-party defendant may not remove under § 1441(c) in almost all cases).  As the Eighth Circuit put it, "removal on such a basis is too much akin to the tail wagging the dog." *Lewis*, 926 F.2d at 733....

139 F. Supp. 2d at 1119.

In this case, since the third-party claim seeks to impose derivative liability, it is not "separate and independent" of the action brought by the original plaintiffs.  Accordingly, the third-party defendant was without authority to remove the case to federal court.

Because this case was improperly removed, this court lacks a basis upon which to invoke federal jurisdiction.

**IT THEREFORE IS RECOMMENDED** that the matter be remanded to the District Court for Douglas County, Nebraska.

**DATED October 11, 2005.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**