IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN BERNDSEN and LESLIE BERNDSEN, | CASE NO. 8:05CV471 |
| Plaintiffs, | |
| vs. | |
| ABLE PROFESSIONAL MOVERS, INC., and UNIRISC, INC., | MEMORANDUM AND ORDER |
| Defendants, | |
| and | |
| UNIRISC, INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| GRAEBEL VAN LINES, | |
| Third-Party Defendant. | |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge F.A. Gossett recommending that I remand this matter to the District Court of Douglas County, Nebraska (Filing No. 4) because it was improperly removed by the third-party defendant, Graebel Van Lines. A Statement of Objection to the Report and Recommendation, as allowed by 28 U.S.C. § 636(b)(1) and NECivR 72.3(a), has not been filed.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record. I agree with Judge Gossett's conclusion that there is a split of authority on the issue, but that under precedent from the Court of Appeals for the Eighth Circuit, Graebel is not authorized to remove the matter to this Court. This conclusion is based on Graebel's status as a third-party defendant and on the fact that the third-party complaint does not

state a separate and independent cause of action, but rather, is derivative of the Plaintiff's claims.  See, e.g.,  *Lewis v. Windsor Door Co.*, 926 F2d 729, 732-33 (8th Cir. 1991).

"A defendant has a right to remove a case from state to federal court if the plaintiff's cause of action arose under federal law."  *Crews v. General American Life Ins. Co.*, 274 F.3d 502, 504 (8th Cir. 2001).  "The question whether a particular party is a 'defendant' for purposes of removal is a matter of federal law."  *Minot Builders Supply Ass'n v. Teamsters Local 123*, 703 F.2d 324, 327 (8th Cir. 1983)(finding that a union, as a party to a collective bargaining agreement, was a defendant in a case where their employee was attempting to proceed ex parte).  I conclude that a third-party defendant is not a defendant for purposes of the removal privilege under 28 U.S.C. § 1441(a).  I agree with Judge Gossett that the majority view, and the approach that the Eighth Circuit Court follows, is that "third-party defendants are not the true defendants in the first instance and are not, therefore, entitled to remove under § 1441(a)."  *Sanford v. Premier Millwork & Lumber Co., Inc.*,  234 F.Supp.2d 569, 571 (E.D.Va. 2002).

Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.  I conclude that the third party defendant lacked authority to remove the case, and that this Court lacks subject matter jurisdiction over the case.  Accordingly, this matter shall be remanded to the District Court of Douglas County, Nebraska.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 4) is adopted in its entirety;

2.  This matter (referred to in the Douglas County District Court as Doc. 1023, No. 891) is hereby remanded to the District Court for Douglas County, Nebraska; and

3.  The Clerk of the Court is hereby directed to take all necessary steps to effect the remand, and to terminate this matter for all purposes.

Dated this 3rd day of November, 2005.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge